UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-283-FDW
(3:09-cr-39-FDW)

| | |
|---|---|
| JAWAAD NASH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Petitioner's pro se "Motion for Rule 60(b)(5) for relief from the Order and Judgment denying Motion attacking sentence pursuant to 28 U.S.C. § 2255." (Doc. No. 27). For the reasons that follow, the Court finds that the motion is an unauthorized, successive petition.

**I.     BACKGROUND**

Petitioner filed the underlying motion to vacate on May 4, 2012, contending that he was entitled to sentencing relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In an order dated March 4, 2013, this Court granted the Government's motion to dismiss the petition. (Doc. No. 14). On August 28, 2013, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal in an unpublished opinion. United States v. Nash, 538 Fed. Appx. 362 (4th Cir. 2013). On November 8, 2013, the Fourth Circuit denied Petitioner's petition for rehearing. (Doc. No. 19). On June 30, 2014, Petitioner filed a motion for reconsideration in this Court. (Doc. No. 21). On July 22, 2014, the Court denied Petitioner's

1

motion for reconsideration as an unauthorized successive petition. Petitioner appealed, and the Fourth Circuit subsequently dismissed the appeal. The Fourth Circuit also treated Petitioner's appeal as an application to file a second or successive petition, and the Fourth Circuit denied authorization to file a § 2255 successive petition. Petitioner filed the pending motion on August 10, 2015, again contending that he is entitled to relief under Simmons, and citing Newbold v. United States, 791 F.3d 455 (4th Cir. 2015).

## II. DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). With regard to Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated that:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Here, because Petitioner's instant motion attacks the validity and length of his sentence, it

is in effect a successive petition, and Petitioner must obtain prior authorization to file such petition. Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. Accordingly, the motion must be denied and dismissed as an unauthorized, successive petition.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Rule 60(b) motion is denied and dismissed as an unauthorized, successive § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Rule 60(b)(5) for relief from the Order and Judgment denying Motion attaching sentence pursuant to 28 U.S.C. § 2255," (Doc. No. 27), is **DENIED** as an unauthorized, successive § 2255 petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 26, 2016

Frank D. Whitney
Chief United States District Judge