UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00039-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JAWAAD NASH, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for a Reduced Sentence under the First Step Act of 2018, (Doc. No. 899)[1], and for Compassionate Release, (Doc. No. 889). The Government responded in opposition to a reduction in Defendant's sentence to time served, (Doc. No. 902), and Defendant filed multiple replies in support of his Motion. (Doc. Nos. 903, 939, 951). In accordance with district practice, the United States Probation Office prepared a Supplemental Presentence Report pursuant to the First Step Act of 2018. (Doc. No. 901). For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motions for Relief Under the First Step Act and for Compassionate Release, reducing Defendant's sentence to an aggregate term of imprisonment of 241 months and four years of supervised release.

I. Background

Defendant was one of fifteen individuals indicted in a forty-five-count Superseding Bill of Indictment filed in the Western District of North Carolina on April 22, 2009. (Doc. No. 114).

---

[1] Defendant filed various *pro se* motions pursuant to the First Step Act, see, e.g., (Doc. Nos. 876, 884). Defendant's Supplemental Motion to Reduce Sentence Pursuant to the First Step Act of 2018, (Doc. No. 899), filed by counsel supersedes these previous filings, although the Court has reviewed and considered all of Defendant's materials in this matter.

1

Defendant was charged with conspiring to possess with intent to distribute at least 50 grams of crack cocaine, 500 grams of powder cocaine, 100 kilograms of marijuana, and a detectable amount of heroin in violation of 21 U.S.C. § 846, conspiracy to rent, lease, profit from, and make available for use a house for the purpose of distributing powder and crack cocaine, heroin, and marijuana in violation of 21 U.S.C. § 846, conspiracy to maintain a premises for the purpose of drug distribution in violation of 21 U.S.C. § 856(a)(2), possessing with intent to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), six counts of possessing with intent to distribute a detectable amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1), four counts of conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951, using a communication facility to facilitate a felony drug trafficking offense in violation of 21 U.S.C. § 843(b), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Id. The Government also filed an information under 21 U.S.C. § 851, notifying Defendant it intended to seek an enhanced penalty due to two prior felony drug convictions. (Doc. No. 151, p. 2).

The charged offenses stem from Defendant's involvement between 2005 and 2009 as a supervising member of the United Blood Nation ("UBN"). (Doc. No. 361, p. 9). Defendant's territory included the Beatties Ford corridor of Charlotte, North Carolina, where Defendant operated a "crack house" to conduct their business. Id. Throughout the duration of the conspiracy, Defendant supervised the distribution of massive quantities of narcotics, while also actively participating in multiple violent armed robberies. Id. at pp. 9-14.

On June 2, 2009, Defendant plead guilty to Conspiracy to Distribute and Possess with Intent to Distribute more than 50 grams of crack cocaine, and four counts of Conspiracy to Commit Hobbs Act Robbery. (Doc. No. 144). The Government partially withdrew its Section 851 notice,

2

reducing the statutory mandatory minimum sentence applicable to Defendant's narcotics offense to 20 years. (Doc. No. 440, p. 1). On August 30, 2010, Defendant was sentenced to a downward-variance term of 330 months in prison for the drug-trafficking conspiracy offense—92 percent of the bottom of the range advised by the Sentencing Guidelines—with four concurrent sentences of 240 months for the Hobbs Act Robbery offenses. (Doc. No. 439, p. 2). Defendant was also sentenced to 10 years of supervised release for the narcotics conviction and two years of supervised release for the robbery offenses to run concurrently. Id. at p. 3. This Court has twice reduced Defendant's sentence due to retroactive amendments to the Sentencing Guidelines. See (Doc. Nos. 665[2], 826). Currently, Defendant is serving a sentence of 262 months for the drug-trafficking conspiracy, having served approximately 173 months as of the date of this Order with a projected release date of February 15, 2028. (Doc. No. 901, pp. 3-4).

## II. Sentence Reduction Pursuant to Section 404 of the First Step Act

Defendant asks this Court to exercise its discretion under the First Step Act of 2018 to impose a reduced sentence of time served. (Doc. No. 899). Defendant seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which gave retroactive effect to the changes made in Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory

---

[2] The Court granted Defendant a sentence reduction under a retroactive application of Amendment 750, which is substantively what Defendant requests in his Motion for Reduction of Sentence Pursuant to Amendment 759 of the United States Sentencing Guidelines, (Doc. No. 787), rendering this Motion moot.

3

minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

With its enactment in 2018, Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010, and allows the court that imposed a sentence for a covered offense to exercise its discretion to impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Id. The Fourth Circuit has explained the impact:

> [B]efore the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28 and 280 grams are punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2018).

United States v. Woodson, 962 F.3d 812, 815 (4th Cir. 2020).

A.  **Standard of Review**

As an initial matter, the Fourth Circuit has recognized a defendant need not be present when considering his motions for sentence reduction pursuant to the First Step Act. United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion under Section 404(b)] would not require the district court to hold a resentencing hearing"); see also Fed. R. Crim. P. 43(b) ("A defendant need not be present under

4

any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."); United States v. Barraza, No. 3:07-CR-00079-FDW, 2021 WL 4810338, at *1 (W.D.N.C. Oct. 14, 2021) ("Rule 43(b)'s reference to '18 U.S.C. § 3582(c)' in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2)."). As such, no hearing is required.

This Court must first determine whether Defendant's sentence satisfies the explicit criteria to *qualify* for reduction under the First Step Act, and, if so, then the Court is given discretion to *impose* a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. The Fourth Circuit has explained:

> [A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is eligible for consideration on the merits. This eligibility determination is not a function of discretion but simply of applying the explicit criteria set forth in the First Step Act. *First*, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222 (citation omitted). We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). *Second*, the motion for a reduction must be addressed to the court that imposed the subject sentence. First Step Act, § 404(b), 132 Stat. at 5222; cf. 28 U.S.C. § 2255(a) (requiring that § 2255 motions challenging sentences be made to "the court which imposed the sentence"). And *third*, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits." First Step Act, § 404(c), 132 Stat. at 5222.
>
> Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, §

5

> 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect. [See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018)].
>
> To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (internal case citations and quotations omitted; emphasis in original); see also Collington, 995 F.3d at 355.

The Fourth Circuit requires the imposition of a reduced sentence be procedurally and substantively reasonable, which means that in exercising its discretion, the district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." Collington, 995 F.3d at 360 (citations omitted). Notwithstanding the procedural and substantive reasonableness requirements in this Circuit, the Court is not required to engage in a complete resentencing of Defendant:

> Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing. Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances. If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (case citations omitted); see also Collington, 995 F.3d at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing."); but see Lancaster, 997 F.3d at 178 (Wilkinson, J., concurring) ("[O]ur circuit, notwithstanding the protestations, has come very close to requiring a plenary resentencing at a more than ten-year remove from the most relevant evidence."). Bearing these principles in mind, the Court turns to Defendant's arguments.

**B.     First Step Act**

Here, the parties agree Defendant's sentence under Count 1 for Conspiracy to Distribute and Possess with Intent to Distribute more than 50 grams of crack cocaine, pursuant to 21 U.S.C. § 841(b)(1)(A)[3], is a "covered offense" committed before August 3, 2010, making him eligible for a sentence reduction under Section 404 of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194; see also Lancaster, 997 F.3d at 174 (4th Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (citations omitted)). While Defendant had previously moved for relief under Amendments 750 and 782 of the United States Sentencing Guidelines while incarcerated, he has not exhausted complete review for reduction in sentence under the First Step Act on the merits. First Step Act, § 404(c), 132 Stat. at 5222. Therefore, in determining Defendant qualifies for a reduction under the First Step Act, the Court must make an *individualized* determination, in its discretion, whether a reduced sentence to time served is warranted. United States v. Martin, 916 F.3d 389, 397 (4th Cir. 2019) (emphasis added). In doing so, the Court has reviewed the

---

[3] Defendant's original sentence was calculated under 21 U.S.C. § 841(b)(1)(A) for being over 50 grams of cocaine base. In applying the First Step Act, Defendant's sentence falls within 21 U.S.C. § 841(b)(1)(B) since his plea agreement stipulated to a conspiracy to possess with intent to distribute cocaine base "in excess of fifty (50) grams." (Doc. No. 144, p. 3).

record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

The stated policy governing the exercise of the Court's discretion is to "bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect." See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018). Notwithstanding the purpose behind the First Step Act, both parties agree Defendant is currently serving a sentence at the lowest end of the applicable guideline range—262 months—based on the Court previously granting the maximum sentence reduction pursuant to Amendment 782. Compare (Doc. No. 899, p. 9) with (Doc. No. 902, p. 6). As such, there is no change in the guideline calculations for Defendant's existing sentence. Therefore, reducing Defendant's sentence to time served fails to accomplish the basic policy goal of the First Step Act.[4]

However, the Government recognizes, and the Court agrees, that had the Fair Sentencing Act been in effect when Defendant was sentenced, the original 92 percent downward variance from the bottom of the guideline range would still be applicable. Applying the similar downward variance to Defendant's current sentence, the Court concludes a sentence of 241 months

---

[4] The Court acknowledges, however, that Defendant's term of supervised release as to the drug conspiracy has been reduced to at least eight years. 21 U.S.C. § 841(b)(1)(B)(viii) (stating any conviction under this subparagraph which includes a § 851 enhancement must "include a term of supervised release of at least 8 years in addition to such term of imprisonment"). The Court's analysis in reducing Defendant's term of supervised release to four years will be discussed further, infra § II.B., III.

imprisonment is an appropriate sentence in this matter.[5] Further, the Government concedes that a reduced term of supervised release is appropriate, requesting a term below that of the statutorily required eight years. See 21 U.S.C. § 841(b)(1)(B)(viii). As such, the Court hereby finds a term of four years of supervised release is appropriate in this matter.

Although the Government concedes a reduced sentence of 241 months is justified in this matter, Defendant asserts a discretionary reduction to time served is appropriate after consideration of the § 3553(a) sentencing factors. (Doc. No. 899, p. 14). The Court disagrees. Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute.[6] Here, absent the carefully crafted plea agreement, Defendant faced life imprisonment[7] for various violent and narcotics-related offenses through his supervisory role in the UBN. Analyzing the nature and circumstances of the offense for which Defendant is currently incarcerated, the entirety of the record supports the conclusion that these offenses are serious in nature, underscored by Defendant's substantial criminal history. As such, a reduced sentence of 241 months is sufficient, but not greater than necessary to reflect the seriousness of

---

[5] Defendant contends his criminal history category should be reduced from category V to category IV based on Amendment 742, which struck subsection (e) of U.S.S.G. § 4A1.1 (requiring one point be added to Defendant's criminal history because he committed the current offense within two years of being released from a term of imprisonment of at least sixty days.). The Court disagrees. The Sentencing Commission did not enact Amendment 742 to be retroactively applied, and it therefore does not bind the Court to apply such a reduction in this case. See United States v. Currence, 849 F. App'x. 423, 424 (4th Cir. 2021); see also United States v. McHan, 386 F.3d 620 (4th Cir. 2004) (noting amendments not specifically listed in the guidelines as applying retroactively should not be applied as such).

[6] In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

[7] Defendant's original § 846 offense was enhanced by two prior § 851 prior felony drug convictions, providing for a statutory mandatory minimum of life in prison. However, by the Government withdrawing one of the prior felony convictions within the § 851 notice upon his plea, Defendant was facing a mandatory minimum of 20 years to life. See (Doc. No. 144).

Defendant's convicted acts, afford adequate specific and general deterrence for similar conduct, and protect the public from further crimes.

After a thorough review of all materials filed by Defendant in this matter, the Court finds it encouraging that Defendant has earned his GED, is employed as a Unit Orderly, and has completed dozens of programs since his incarceration. See (Doc. Nos. 901, p. 3; 899, pp. 14-16; 896; 889, pp. 3-4; 884, pp. 12-13). Further, it is clear Defendant has a strong support system and ties to the community, which provides this Court optimism that he will reenter society as a productive, law abiding citizen. Id. However, while the Court commends Defendant for his successes while in prison, the completion of these programs is not remarkable given the length of time Defendant has been incarcerated. See United States v. High, 997 F.3d 181, 190 (4th Cir. 2021) (recognizing "[w]hile these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; United States v. Martin, 916 F.3d 389, 396 (4th Cir. 2019); United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021)).

Defendant, aged 38, has been in custody for the present offenses since early 2009, at which time he had accrued a sufficient criminal record to achieve a level V criminal history category. (Doc. No. 361, p. 25). His prior convicted offenses included various felony and misdemeanor drug offenses, carrying a concealed weapon, assault with a deadly weapon inflicting serious injury, and resisting a public officer. Id. pp. 21-24. What still troubles the Court is Defendant's continued unruly and assaultive behavior while incarcerated. The record reflects Defendant has seven disciplinary citations for misconduct including fighting, assault, possession of a dangerous

10

weapon, and use of drugs or alcohol. (Doc. No. 901, p. 3). Defendant's lengthy criminal history, including multiple infractions following his conviction for his federal crimes, reflects a pattern of behavior inconsistent with someone who holds respect for laws and has been deterred from future criminal conduct. Therefore, the Court concludes an additional five-year downward variance to time served would not be appropriate in light of the § 3553(a) sentencing factors, despite an individualized review of Defendant's post-sentencing mitigation evidence.[8]

### III. Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a)

Among Defendant's filings to this Court is a *pro se* "Motion to Correct Sentence Pursuant to Compassionate Release," (Doc. No. 889), filed on June 25, 2020. Defendant's "Compassionate Release" motion is comparable to his Motion for a Reduced Sentence pursuant to the First Step Act, while also specifically asserting his § 851 enhancement no longer applies pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Id. As for those portions of his motions reasserting his arguments related to the First Step Act's retroactive effect of the Fair Sentencing Act, the Court has already addressed this above. See supra § II.B. The Government acknowledges in its Motion Defendant's prior conviction would not support a § 851 notice if filed today, which warrants a reduced term of supervised release to four years. (Doc. No. 902, p. 8). The Court finds this reduction reasonable based on the Government's Motion. However, because the Government has not formally withdrawn its § 851 notice, the enhancement is still applicable, and no further reduction in sentence would be proper.

---

[8] Defendant's counsel also submitted a Notice of Supplemental Authority, (Doc. No. 939), urging the Court to impose an aggregate sentence of 168 months—time served—based on proposed legislation, the Eliminating a Quantifiably Unjust Application of the Law Act ("EQUAL Act"). The EQUAL Act is currently pending before Congress, and if passed, will retroactively cure any remaining sentencing disparities between drug offenses involving crack cocaine and powder cocaine. See EQUAL Act, S. 79, 117th Cong. (1st Sess. 2021). Until and unless this law is enacted, it is not relevant to the Court's analysis here, and the argument is therefore premature.

11

Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If Defendant has exhausted his administrative remedies, this Court—in its discretion—may grant his motion for compassionate release if the Court: (1) determines that extraordinary and compelling reasons warrant such a reduction; (2) determines such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) finds, after considering the factors set forth in § 3553(a) "to the extent they are applicable," a sentence reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022), United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020), United States v. Kibble, 992 F.3d 326, 330 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021) (per curiam) (noting the district court's consideration of § 3553(a) factors should be "consistent with the applicable policy statements issued by the Sentencing Commission." (internal quotations omitted)).

Here, it is unclear whether Defendant has fully exhausted his administrative remedies as of the date of his Motion. The Government has not raised this potential issue, thereby waiving this prerequisite requirement. See United States v. Muhammad, 16 F.4th 126, 129 (4th Cir. 2021) ("Although the statute plainly requires Appellant to complete certain steps before filing his motion in the district court, we understand this requirement to be non-jurisdictional, and thus waived if it is not timely raised."). Therefore, the Court has considered the entirety of the record in concluding Defendant is entitled to a sentence reduction under the First Step Act to 241 months, followed by a reduced term of four years of supervised release. See supra § II.B. The Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court

12

Case 3:09-cr-00039-FDW   Document 961   Filed 06/02/22   Page 12 of 13

has done so by considering all reasons Defendant has raised in his various motions. McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original). As parties both agree Defendant's prior conviction for a Class I felony, with a presumptive range sentence of less than one year, was the basis for the Government's original § 851 notice, a reduced term of four years of supervised release is appropriate in this matter. (Doc. No. 899, p. 19); see also 28 U.S.C. § 841(b)(1)(B).

In reconsidering all § 3553(a) sentencing factors applicable here, the Court incorporates its prior analysis of the § 3553(a) in the section above addressing Defendant's Motions pursuant to the First Step Act. As Defendant's Compassionate Release Motion raises no other novel issues for this Court to consider, Defendant's Motion is denied insofar as any further sentence reduction is warranted aside from the previously calculated reduction pursuant to the First Step Act. See supra § II.B.

### IV. Conclusion

For the reasons above, IT IS THEREFORE ORDERED that the Court GRANTS in part and DENIES in part Defendant's Motions for Relief Under the First Step Act and for Compassionate Release. (Doc. Nos. 899, 889). Defendant's sentence is reduced to an aggregate term of imprisonment of 241 months and four years of supervised release.

IT IS FURTHER ORDERED that Defendant's related Motion (Doc. No. 787) is DENIED AS MOOT.

Signed: June 2, 2022   IT IS SO ORDERED.

_____
Frank D. Whitney
United States District Judge

13